IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Case No. 23-CR-10041-08-EFM |
| MARSHALL J. GREEN, JR., | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

On July 14, 2025, a jury convicted Defendant Marshall J. Green, Jr. on multiple federal drug charges. Defendant was represented by counsel at trial and remains represented as of this Order's filing. Acting pro se, Defendant filed the present Motion Requesting Jury Demographic Information (Doc. 380) on September 3, 2025. The Government opposes Defendant's Motion. For the reasons stated below, the Court denies Defendant's motion.[1]

Defendant argues that the jury demographic information is necessary to assess whether there was substantial compliance with federal jury selection law, citing the Jury Selection and Service Act of 1968 ("JSSA").[2] Section 1861 of the JSSA provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from

---

[1] The Court also formally denies Latosha Buckner's request for the jury demographic information from Defendant's trial (Doc. 370). The Court previously addressed Buckner's request in a letter informing her that the Court cannot grant her request because she is not the defendant or an attorney who entered an appearance in this case. Doc. 379; *see also* 28 U.S.C. § 1867(a), (f).

[2] 28 U.S.C. § 1861, *et seq*.

a fair cross section of the community in the district or division wherein the court convenes."[3] Section 1867 provides "the exclusive means" for a defendant to challenge compliance with statutory jury selection procedures, stating in pertinent part:

> (a) In criminal cases, *before the voir dire examination begins*, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.
>
> . . .
>
> (f) The contents of records or papers used by the jury commission or clerk in connection with the jury selection process *shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under subsection (a)*, (b), or (c) of this section . . . .[4]

Here, disclosing the jury demographic information is not necessary for Defendant to prepare a § 1867(a) motion to dismiss because any future motion would be untimely. Voir dire in Defendant's case took place on July 8, 2025. Defendant did not make his request for jury demographic information before voir dire began. Instead, Defendant made his request nearly two months later on September 3, 2025.

Defendant also cites the Sixth Amendment's guarantee to an impartial jury selected from a cross-section of the community in his Motion.[5] The Tenth Circuit has not definitively stated whether § 1867(a)'s time requirement also applies to constitutional challenges of jury selection

---

[3] 28 U.S.C. § 1861.

[4] 28 U.S.C. §§ 1867(a), (e), (f) (emphases added).

[5] U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . an impartial jury of the State and district wherein the crime shall have been committed.").

-3-

procedures.[6] Other circuits are split on the issue.[7] Not only does Defendant face unclear precedent, he also faces the fact that he remains represented by counsel. Because there is no constitutional right to "a hybrid form of representation," the Court need not consider any filings Defendant makes pro se at all, let alone to the extent the Court already has.[8] Accordingly, the Court denies Defendant's request for the jury demographic information from his trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion Requesting Jury Demographic Information (Doc. 380) is **DENIED**.

**IT IS FURTHER ORDERED** that Latosha Buckner's request for jury demographic information (Doc. 370) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of October, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] *See United States v. Green*, 435 F.3d 1265, 1270 (10th Cir. 2006).

[7] *Compare United States v. De Alba-Conrado*, 481 F.2d 1266 n.5 (5th Cir. 1973) ("By its terms 28 U.S.C. § 1867 applies only to challenges under the Act."); *United States v. Jones*, 687 F.2d 1265, 1269 (8th Cir. 1982) (concluding a defendant was "not barred . . . from raising the constitutional challenge to the jury selection procedure."), *with United States v. Green*, 742 F.2d 609, 612 (11th Cir. 1984) ("In the absence of strict compliance [with § 1867, a defendant's] attempt to challenge the jury venire on constitutional grounds is without legal effect and is futile.").

[8] *See United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995); *United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976).